IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIAM NELSON, III                                                    PLAINTIFF

v.                                                           No. 3:18CV189-GHD-JMV

WARDEN LEPHER JENKINS
MR. DEAN, CHIEF OF SECURITY
SGT. TONYA BOYD, DISCIPLINARY HEARING OFFICER
CORRECTIONS OFFICER N. MARION
MS. DAVENPORT, DISCIPLINARY INVESTIGATOR
HAROLD TATUM                                                          DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion for reconsideration of the court's order adopting the Magistrate Judge's Report and Recommendation that defendants Jenkins, Dean, Davenport, Boyd, and Tatum be dismissed from this case – and that the plaintiff's claims against C.O. Marion will proceed. The plaintiff states that he did not receive a copy of the Magistrate Judge's Report and Recommendation until the day the court adopted it. Thus, he had no opportunity to raise his objections. The court received Mr. Nelson's objections 13 days after adopting the Report and Recommendation and thus did not consider them in making its decision. As discussed below, the objections are without merit.

The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563,

567 (5th Cir. 2003).

The plaintiff does not object to the dismissal of defendants Jenkins and Dean because they participated in the events at issue only as supervisors. He argues, however, that the defendants Davenport, Boyd, and Tatum's participation in the disciplinary process violated his right to due process. As set forth in the Magistrate Judge's Report and Recommendation, however, the punishment he received – placement in restrictive custody for a year – did not rise to the level sufficient to trigger due process protections. As such, his objections are without merit and are overruled. The court would have dismissed Davenport, Boyd, and Tatum even if the plaintiff's objections had been timely. The plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED**.

**SO ORDERED**, this, the 22nd day of July, 2019.

_____
SENIOR JUDGE